IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INACOM CORPORATION, on behalf of all affiliated debtors,<br><br>       Plaintiff,<br><br>vs.<br><br>TECH DATA CORPORATION,<br><br>       Defendant.<br>_____/<br>TECH DATA CORPORATION,<br><br>       Third-Party Plaintiff,<br><br>vs.<br><br>COMPAQ COMPUTER CORP.<br>and CUSTOM EDGE, INC.,<br><br>       Third-Party Defendants.<br>_____/ | Case No. 04-CV-579 (GMS) |

## MOTION FOR LEAVE TO FILE AMENDED THIRD PARTY COMPLAINT

Tech Data Corporation (hereafter "Tech Data"), Defendant and Third Party Plaintiff, by its undersigned counsel, moves this Court for leave to amend its Third Party Complaint against Compaq Computer Corporation (hereafter "Compaq") and Custom Edge, Inc. (hereafter "Custom Edge"), Third Party Defendants, and states as follows:

### I. PROCEDURAL HISTORY OF THE CASE

This adversary proceeding was commenced by Inacom Corporation ("Inacom") filing an adversary proceeding against Tech Data Corporation ("Tech Data") seeking to avoid an alleged preferential transfer pursuant to 11 U.S.C. §547.

{M1309544_1}

Subsequent to the case being at issue, the reference on this adversary proceeding and other similarly situated adversary proceedings where Inacom is seeking to recovery preferential transfers from other defendants was withdrawn, and the within adversary proceeding is now pending before the United District Court for the District of Delaware.

Tech Data has also filed a third party action against Compaq Computer Corporation ("Compaq") and Custom Edge, Inc. ("Custom Edge"). On information and belief, both Compaq and Custom Edge have been consolidated by way of merger and merged into Hewlett Packard Corporation ("H-P").

As a result of a review of the filings made with the Securities and Exchange Commission, it has come to light that Compaq has been merged into Hewlett-Packard Company, and, apparently, Compaq and Custom Edge as corporate entities, have been merged out of existence. As a result thereof, H-P Company would have, by operation of law, assumed all of the obligations of Compaq and Custom Edge as of the time of the merger. It is, thus, necessary for Tech Data to be granted leave to amend the Third Party Complaint to add H-P Company as a third party defendant as the successor in interest to Compaq and Custom Edge.

The District Court has entered orders requiring the parties to participate in and conclude discovery in an expeditious fashion.

In the process of the discovery with Compaq and Custom Edge, it has come to light that Compaq and Edge (and ultimately H-P) admits to having assumed all obligations of Inacom to Tech Data except those that were represented by certain "held checks." The issue of liability for the "held checks" remains to be decided by the Court.

Tech Data had previously filed a Proof of Claim in Inacom's bankruptcy case in the amount of $929,187.11. Said amount represents the obligations owed by Inacom to Tech Data as

of the Petition Date, where the invoices represented thereby were at the Petition Date subject to discussion between Inacom and Tech Data.

As a result of the positions being taken by Inacom, Compaq and Custom Edge during discovery, it appears clear that Compaq and Custom Edge (and, thus, H-P) take the position that the obligations represented by the Proof of Claim were subject to the Assumption Agreement executed for the benefit of Compaq and Custom Edge.

Tech Data will be amending its Proof of Claim against Inacom to indicate its contingent nature, with the obligation of Inacom being conditioned upon the ultimate finding by this Court in this adversary proceeding. Likewise, in order for Tech Data to adequately protect its interests, it must amend its third party claim against Compaq and Custom Edge (and H-P) to add the additional claim for the open account balance in the amount of $929,187.11. A true and correct copy of the proposed Amended Third Party Complaint is annexed hereto and made a part hereof as **Exhibit "A."**

The issues involving this account between Tech Data and Inacom, as well as the Inacom's obligations by Compaq and Custom Edge, have been the subject to extensive discovery. Additionally, counsel for Compaq and Custom Edge extensively questioned the Rule 30(b)(6) witnesses of Tech Data at their depositions with respect to this subject. As such, none of the parties will be adversely affected or prejudiced if this Court were to permit Tech Data to amend its Third Party Complaint at this time. Indeed, the need to amend the Third Party Complaint arises as a result of the positions taken by Inacom, Compaq and Custom Edge during the discovery process.

Good and sufficient cause exists for this Court to permit the Third Party Complaint to be filed.

## II. LEGAL ARGUMENT AND CITATION TO AUTHORITY

Rule 15 of the Federal Rules of Civil Procedure is made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure. Fed.R.Civ.P. 15(a) applies when a party who has already pleaded in a case seeks to amend the pleadings. Rule 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of the court or by written consent to the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

Rule 15(a) grants the court broad discretion, and leave should be granted absent some reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The granting or denial of a motion for leave to amend rests within the discretion of the trial court. *Keller v. Prince George's County,* 923 F.2d 30 (4th Cir.1991). While leave is to be granted liberally where it serves the ends of justice, it "is not to be granted automatically." *Deasy v. Hill,* 833 F.2d 38, 40 (4th Cir.1987). The United States Supreme Court has enunciated several factors to be considered when evaluating a motion for leave to amend: undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, and the futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Rodgers,* 771 F.2d at 204, ("refusal is proper ... where the party moving to amend has not shown that the proposed amendment has substantial merit").

As a general rule, a district court should deny a motion to amend only "'when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"

In this case Plaintiffs leave to amend the Complaint as proposed will have no prejudicial effect upon Fleet or their defense of this action. The amendment is simply adding claims for

**WHEREFORE**, Tech Data Corporation respectfully requests that this Court enter an Order granting Plaintiffs leave to amend its Third Party Complaint and for such other relief as this Court deems just and proper.

Dated: April 8, 2005.

                                      Respectfully submitted,

                                      HERLIHY, HARKER & KAVANAUGH

                                      By: /s/ James F. Harker
                                            James F. Harker (Bar No. 255)
                                            Local Counsel for Defendant
                                            1300 North Market Street, Suite 400
                                            Wilmington, Delaware 19899
                                            302-654-3111 (Telephone)

                                                  and

                                            ADORNO & YOSS, LLP
                                            Charles M. Tatelbaum
                                            Florida Bar No.: 177540
                                            Stephen C. Hunt
                                            Florida Bar No.: 191582
                                            350 E. Las Olas Boulevard, Suite 1700
                                            Fort Lauderdale, FL 33301
                                            Telephone: (954) 763-1200
                                            Facsimile: (954) 766-7800

                                      Attorneys for Defendant and Third Party Plaintiff,
                                      Tech Data Corporation

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY, that a true and accurate copy of the foregoing was furnished via first class mail, with fully pre-paid postage affixed thereto, upon all parties listed below on this 8th day of April, 2005.

                                                        /s/ James F. Harker  
                                                        James F. Harker

## SERVICE LIST

| | |
|---|---|
| William H. Sudell, Jr.<br>Derek C. Abbott<br>Morris, Nichols, Arsht & Tunnell<br>1201 N. Market Street<br>Wilmington, DE 19899-1347 | |
| Cecily A. Dumas<br>Ellen A. Friedman<br>Brandon Chaves<br>Friedman Dumas & Springwater LLP<br>One Maritime Plaza, Suite 2475<br>San Francisco, CA 94111 | |