IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the Matter of: | |
| INACOM CORPORATION, *et al.*, | Chapter 11<br>Lead Case No.: 00-02426 (PJW)<br>(Jointly Administered) |
| Debtors. | |
| _____/ | |
| INACOM CORPORATION, | |
| Plaintiff, | |
| v. | Adv.Pro.No. 02-03496 |
| TECH DATA CORPORATION, | |
| Defendant. | |
| _____/ | |
| TECH DATA CORPORATION, | |
| Third Party Plaintiff, | |
| v. | |
| COMPAQ COMPUTER CORPORATION, CUSTOM EDGE, INC., and HEWLETT-PACKARD COMPANY | |
| Third Party Defendants. | |
| _____/ | |

## AMENDED THIRD PARTY COMPLAINT

Tech Data Corporation (hereafter "Tech Data"), Defendant and Third Party Plaintiff, by its undersigned counsel, brings this Amended Third Party Complaint against Compaq Computer Corporation (hereafter "Compaq"), Custom Edge, Inc. (hereafter "Custom Edge"), and Hewlett-Packard Company (hereinafter "H-P"), Third Party Defendants, on the following causes of action:

### JURISDICTION AND VENUE

1.  Jurisdiction is founded upon 28 U.S.C. § 157 and 28 U.S.C. § 1334.

{M1308965_1}

2. This Court has supplemental jurisdiction over the claims stated herein pursuant to 28 U.S.C. § 1367.

3. By virtue of the nature of the allegations contained in the Amended Third Party Complaint, this is a core proceeding.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Tech Data is a Florida corporation.

6. Compaq is a Delaware corporation.

7. Compaq is successor-in-interest to Custom Edge which was formerly known as ITY Corporation, which was a Delaware corporation. Prior to its merger with Compaq, Custom Edge was a wholly-owned subsidiary of Compaq.

8. Inacom Corp. (hereafter "Inacom"), the Plaintiff in the within adversary proceeding, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on June 16, 2000 (hereafter the "Petition Date"), and since the Petition Date, Inacom has remained in possession and control of the assets of the Estate as Debtor and Debtor-in-Possession.

9. Tech Data filed a Proof of Claim in the Inacom bankruptcy case in the amount of $929,187.11, representing outstanding debit memos, credit memos and invoices that were subject to reconciliation as of the Petition Date.

10. More than ninety (90) days prior to the Petition Date, on or about January 4, 2000, Compaq, Custom Edge and Inacom entered into a certain "Asset Purchase Agreement" (hereafter the "Asset Purchase Agreement"), a copy of which has been previously attached to pleadings in this adversary proceeding.

11. In accordance with the terms of the Asset Purchase Agreement, Custom Edge assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom. As forth on the exhibit to the Asset Purchase Agreement, Inacom's obligations and debts which were owed to Tech Data were specifically listed as obligations to be assumed by Custom Edge (hereafter the "Assumed Obligations").

12. On or about February 16, 2000, Compaq over the signature of Bill Francis, Director, Corporate Finance, sent a letter to Tech Data whereby Compaq agreed that Custom Edge "assumed the obligation to pay" to Tech Data the Assumed Obligations, and further stated that Compaq would provide the funds necessary to satisfy the Assumed Obligations. A true and correct copy of that letter (hereafter the "Assumption Letter") is attached hereto and marked Exhibit "A" and to be made a part hereof.

13. In reliance upon the Asset Purchase Agreement and the representations and agreements made in the Assumption Letter, and based upon additional representations made to Tech Data, Tech Data continued to (1) provide goods on credit to Custom Edge, as successor in interest to Inacom, and (2) forbore from taking any action to collect the obligations of Inacom that were due to Tech Data which comprised the Assumed Obligations.

14. At least from the date of the Assumption Letter, if not earlier, Custom Edge and Compaq had liability to Tech Data for the Assumed Obligations.

15. Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and, by virtue of its correspondence and commitments, obligated itself to indemnify Tech Data from any losses as a result of the obligations assumed from Inacom.

16. H-P succeeded to the obligations and liabilities of Compaq through merger. As a result, by operation of agreement and by operation of law, H-P obligated itself to assume all of the obligations of indemnity and otherwise to Tech Data from Compaq and Custom Edge.

17. In 2002, Inacom filed the within adversary proceeding and has alleged that during the period of ninety (90) days prior to the Petition Date, it paid part or all of the payment obligations to Tech Data via eight separate checks totaling $4,591,014.00. In said Complaint, Inacom seeks to recover these amounts as preferential transfers in accordance with 11 U.S.C. § 547.

18. While Tech Data does not believe that Inacom has appropriate standing or can form a basis for any claim for relief against Tech Data under 11 U.S.C. § 547 or otherwise, to the extent this Court finds that Tech Data is obligated to return any of the payments received from Inacom, Compaq, Custom Edge and H-P are liable to Tech Data.

## COUNT I
### (Breach of Contract Against Custom Edge)

19. Count I of the original Third Party Complaint are realleged in this Complaint without change or alteration. As such, no further or response is required by the Defendants Compaq or Custom Edge.

## COUNT II
### (Breach of Contract Against Custom Edge)

20. Count II of the original Third Party Complaint are realleged in this Complaint without change or alteration. As such, no further or response is required by the Defendants Compaq or Custom Edge.

## COUNT III
### (Breach of Contract Against Compaq)

21.     Count III of the original Third Party Complaint are realleged in this Complaint without change or alteration. As such, no further or response is required by the Defendants Compaq or Custom Edge.

## COUNT IV
### (Claim of Indemnity Against Custom Edge)

22.     Count IV of the original Third Party Complaint are realleged in this Complaint without change or alteration. As such, no further or response is required by the Defendants Compaq or Custom Edge.

## COUNT V
### (Claim of Indemnity Against Compaq)

23.     Count V of the original Third Party Complaint are realleged in this Complaint without change or alteration. As such, no further or response is required by the Defendants Compaq or Custom Edge.

## COUNT VI
### (Account Stated Against Custom Edge)

24.     All of the allegations contained in paragraphs 1 through 18 of this Complaint are hereby incorporated by reference in this Count VI.

25.     Through February 15, 2000 and thereafter, an account was stated between the Plaintiff and Inacom, and a balance was due from the Inacom to Tech Data.

26.     Inacom had agreed and is contractually bound to pay the same in full.

27.     The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

28.     To date, however, Custom Edge has failed and refused, and continues to fail and refuse, to remit the past due balance for the account stated.

29.     After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, incidental damages, plus interest, fees and costs in an amount of no less than $929,187.11.

WHEREFORE, Tech Data prays this Court to enter a judgment against Custom Edge for:

(a) any and all amounts that may be found to be due to Tech Data by Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) such other and further damages as are appropriate.

## COUNT VII
### (Account Stated Against Compaq)

30.     All of the allegations contained in paragraphs 1 through 18 of this Complaint are hereby incorporated by reference in this Count VII.

31.     Through February 15, 2000 and thereafter, an account was stated between the Plaintiff and Inacom and a balance was found and agreed to be due from the Inacom to Tech Data.

32.     Inacom had agreed and is contractually bound to pay the same in full.

33.     The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

34.     Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom.

35. To date, however, Compaq has failed and refused, and continues to fail and refuse, to remit the past due balance for the account stated.

36. After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, incidental damages, plus interest, fees and costs in an amount no less than $929,187.11.

WHEREFORE, Tech Data prays this Court to enter a judgment against Compaq for:

(a) any and all amounts that may be found to be due to Tech Data by Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) such other and further damages as are appropriate.

## COUNT VIII
### (Goods Sold and Delivered Against Custom Edge)

37. All of the allegations contained in paragraphs 1 through 18 of this Complaint are hereby incorporated by reference in this Count VIII.

38. Through February 15, 2000, Tech Data sold and delivered to Inacom, goods of reasonable value and agreed price which Inacom accepted, and promised and agreed to pay therefor.

39. The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

40. To date, however, Custom Edge has failed and refused, and continues to fail and refuse, to remit the past due balance for the Goods sold and delivered.

41.  After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, incidental damages plus interest, fees and costs in an amount no less than $929,187.11.

WHEREFORE, Tech Data prays this Court to enter a judgment against Custom Edge for:

(a)  any and all amounts that may be found to be due to Tech Data by Inacom in the within adversary proceeding;

(b)  all attorneys' fees and costs incurred by Tech Data in defending this adversary proceeding brought by Inacom, as well as bringing this third party action; and

(c)  such other and further damages as are appropriate.

## COUNT IX
### (Goods Sold and Delivered Against Compaq)

42.  All of the allegations contained in paragraphs 1 through 18 of this Complaint are hereby incorporated by reference in this Count IX

43.  Through February 15, 2000, Tech Data sold and delivered to Inacom, goods of reasonable value and agreed price which Inacom accepted, and promised and agreed to pay therefor.

44.  The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

45.  Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom.

46.  To date, however, Compaq has failed and refused, and continues to fail and refuse, to remit the past due balance for the Goods sold and delivered.

47. After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, incidental damages plus interest, fees and costs in an amount no less than $989,187.11.

WHEREFORE, Tech Data prays this Court to enter a judgment against Custom Edge for:

(a) any and all amounts that may be found to be due to Tech Data by Inacom in the within adversary proceeding;

(b) all attorneys' fees and costs incurred by Tech Data in defending this adversary proceeding brought by Inacom, as well as bringing this third party action; and

(c) such other and further damages as are appropriate.

## COUNT X
### (Claim of Indemnity Against H-P)

48. All of the allegations contained in paragraphs 1 through 18 of this Complaint are hereby incorporated by reference in this Count X.

49. The payment obligations described herein were expressly assumed by Custom Edge and Compaq in this Asset Purchase Agreement and in the Assumption Letter.

50. By virtue of the merger of Compaq into H-P, H-P by operation of fact and operation of law agree to be responsible for and became responsible for all of the obligations of Compaq and Custom Edge.

51. As the primary obligor for the payment obligations, Compaq was a guarantor of any payments on those obligations by Inacom, and the guarantor of any obligations of Inacom that are not ultimately satisfied. As a result of the merger of Compaq into H-P, H-P assumed the obligations of Compaq.

52. The Assumption Letter created a valid and binding contractual agreement by and between Tech Data and Compaq, pursuant to which Compaq agreed to pay to Tech Data the

payment obligations. By virtue of the merger of Compaq into H-P, H-P assumed such obligations of Compaq.

53. By suffering or permitting Inacom to pay the payment obligations to Tech Data, notwithstanding the obligations of Compaq to do so, Compaq placed itself in a surety position owing direct indemnity to Tech Data for any failure by Inacom to fully satisfy the payment obligations. To the extent that Inacom satisfied the obligations of Compaq, Compaq received a concurrent benefit. By virtue of the merger of Compaq into H-P, H-P assumed such obligations of Compaq.

54. By virtue of its various agreements and actions, Compaq is obligated to indemnify Tech Data in the event of any recovery in the within adversary proceeding or otherwise, and all costs of defense incurred by Tech Data in opposing the Inacom claims and asserting this third party action. As a result of the merger of Compaq into H-P, H-P assumed Compaq's obligations as stated herein.

WHEREFORE, Tech Data prays this Court to enter a judgment against H-P for:

(a) Any and all amounts that may be found to be due to Tech Data by Inacom in the within adversary proceedings;

(b) All attorneys' fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) Such other and further damages as are appropriate.

## COUNT XI
### (Account Stated Against H-P)

55. All of the allegations contained in paragraphs 1 through 18 of this Complaint are hereby incorporated by reference in this Count XI.

{M1308965_1}                              10

56. Through February 15, 2000 and thereafter, an account was stated between the Plaintiff and Inacom and a balance was found and agreed to be due from the Inacom to Tech Data.

57. Inacom had agreed and is contractually bound to pay the same in full.

58. The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

59. Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom.

60. To date, however, Compaq has failed and refused, and continues to fail and refuse, to remit the past due balance for the account stated.

61. After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, incidental damages, plus interest, fees and costs in an amount no less than $929,187.11.

WHEREFORE, Tech Data prays this Court to enter a judgment against Compaq for:

(a) any and all amounts that may be found to be due to Tech Data by Inacom in the within adversary proceeding;

(b) all attorney's fees and costs incurred by Tech Data in defending the adversary proceeding brought by Inacom as well as in bringing this third party action; and

(c) such other and further damages as are appropriate.

## COUNT XII
### (Goods Sold and Delivered Against H-P)

62. All of the allegations contained in paragraphs 1 through 18 of this Complaint are hereby incorporated by reference in this Count XII.

63. Through February 15, 2000, Tech Data sold and delivered to Inacom, goods of reasonable value and agreed price which Inacom accepted, and promised and agreed to pay therefor.

64. The payment obligations of Inacom to Tech Data were expressly assumed by Custom Edge in the Asset Purchase Agreement.

65. Compaq succeeded to the obligations and liabilities of Custom Edge through merger, and assumed the liability for certain accounts payable of Inacom as part of the consideration for the purchase of the assets of Inacom.

66. To date, however, Compaq has failed and refused, and continues to fail and refuse, to remit the past due balance for the Goods sold and delivered.

67. After crediting Inacom for each and every payment received to date, Tech Data has sustained actual monetary damages, incidental damages plus interest, fees and costs in an amount no less than $929,187.11.

WHEREFORE, Tech Data prays this Court to enter a judgment against Custom Edge for:

(a) any and all amounts that may be found to be due to Tech Data by Inacom in the within adversary proceeding;

(b) all attorneys' fees and costs incurred by Tech Data in defending this adversary proceeding brought by Inacom, as well as bringing this third party action; and

(c) such other and further damages as are appropriate.

Dated: April 8, 2005.

HERLIHY, HARKER & KAVANAUGH

By: /s/ James F. Harker
    James F. Harker (Bar No. 255)
    Local Counsel for Defendant
    1400 North Market Street, Suite 200
    Wilmington, Delaware 19899

302-654-3111 (Telephone)

and

ADORNO & YOSS, LLP
Attorneys for Defendant
Charles M. Tatelbaum
Florida Bar No.: 177540
Stephen C. Hunt
Florida Bar No.: 191582
350 E. Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL  33301
Telephone: (954) 763-1200
Facsimile: (954) 766-7800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and accurate copy of the foregoing was furnished via first class mail, with fully pre-paid postage affixed thereto, upon all parties listed below on this 8th day of April, 2005.

  /s/ James F. Harker
James F. Harker

**SERVICE LIST**

| | |
|---|---|
| Christopher J. Lhulier<br>Pachulski Stang, et al.<br>919 N. Market Street, 16th Floor<br>Wilmington, DE  19899 | Jason W. Staib<br>Blank Rome LLP<br>1201 Market Street, Ste. 800<br>Wilmington, DE  19801 |
| Daniel J. Anker<br>Park Plaza, 1100 Lovering Ave., #20<br>Wilmington, DE  19806 | Joseph J. McMahon Jr.<br>Office of the U.S. Trustee<br>844 King Street, Ste. 2313<br>Wilmington, DE  19801 |